# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, | : | |
| Plaintiff, | : | |
| vs. | : | CA 14-0080-C |
| JOHN R. PEAVY and PEAVY CONSTRUCTION COMPANY, INC., | : | |
| | : | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This cause is back before the Court on plaintiff's motion for entry of final judgment (Doc. 22). By order entered July 31, 2014, the Court granted plaintiff's motion for summary judgment and in doing so specifically found that the moving party had established its "entitlement to a judgment in the amount of $673,405.94 through June 4, 2014 and to an additional award of interest and other charges since the just-referenced date (until entry of final judgment) and of costs and fees, including attorneys' fees." (Doc. 21, at 10.) Because the Bank had not submitted proof of attorneys' fees and costs it had incurred in this matter, the Court advised the parties that a supplemental order and final judgment would be entered following the Bank's supplemental submission and any response by the defendants. (*Id*.)

The Bank timely filed its supplemental submission on August 8, 2014 (Doc. 22); however, the defendants filed no response to plaintiff's supplemental submission (*see* Docket Sheet). Plaintiff's supplemental submission contains the same evidence as attached to its summary judgment motion regarding the accrual of interest on the two notes made the subject of the Court's July 31, 2014 order (Doc. 21), namely, that "interest has accrued on the First Loan at a per diem rate of $167.51, and on the Second

Loan at a per diem rate of $140.95." (Doc. 22, Exhibit 1, Buntin aff., at ¶ 6; *see also* Doc. 17, Exhibit A, Affidavit of Richard Buntin, at ¶ 17 (same per diem rates set forth).) The summary judgment order entered on July 31, 2014 considered interest through June 4, 2014 but not thereafter. (*See* Doc. 21, at 10.) Accounting for an additional eighty-three (83) days of interest through August 27, 2014, results in an additional interest award of $25,602.18.

Plaintiff's supplemental submission also contains proof (including invoices) that it has incurred costs and expenses totaling $5,980.00; most of this amount is attributable to the first and second loans defaulted upon by the defendants (that is, $150.00 for a title abstract, $1,780.00 for a survey, $1,500.00 for Phase I environmental costs, and $1,900.00 for an appraisal) but some costs are directly associated with this action (that is, $400.00 in filing fees and $250.00 for an expert witness). The affidavit of Richard Buntin establishes the reasonableness of the costs and expenses incurred by the Bank as part of its collection efforts—that is, the costs for title abstract, survey, appraisal, and Phase I environmental. (Doc. 22, Exhibit 1, Affidavit of Richard Buntin, at ¶ 4 ("Whitney Bank incurred these services which were necessary because the collateral for the loan[s] is commercial property that had not been inspected since the loan[s] w[ere] made. In order to foreclosure (sic) the collateral, Whitney Bank must conduct due diligence in order to determine if there are other liens against the collateral, whether there are existing encroachments, whether hazardous materials are on the property and the fair market value in order to make an opening bid amount that does not shock the conscience. I regularly engage these services in collection efforts . . . .").) In addition, the defendants make no argument that the expenses attributable to the loans were unreasonable or that the costs associated with this action—that is, the filing fees and the

expert witness fees—are unreasonable. Accordingly, plaintiff has established its entitlement to reasonable costs and expenses in the amount of $5,980.00.

Plaintiff has also submitted evidence that it incurred attorneys' fees (and nominal additional costs, including postage, copying costs, and process server costs) totaling $12,562.59. (Doc. 22, Exhibit 1, Buntin aff., at ¶ 5 & Exhibit F to Buntin aff.) In Alabama, attorneys' fees are recoverable when provided for in a contract, *see. e.g., James v. James*, 768 So.2d 356, 360 (Ala. 2000), as is the case here (*see* Doc. 21, at 4-5 (citing relevant provisions of the notes and promissory notes obligating defendants to pay plaintiff's attorneys' fees and costs)), and in the Eleventh Circuit, "a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue." *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (2002), *abrogated as stated in Ray Haluch Gravel Co. v. Central Pension Fund of International Union of Operating Engineers and Participating Employers*, ___ U.S. ___, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014).[1] In addition, Rule 54(d)(1) recognizes that costs may be awarded to the prevailing party. Thus, plaintiff is entitled to an award of attorneys' fees and the aforementioned nominal costs referenced above totaling $12,562.59. *Compare SE Property Holdings, LLC v. Loyal Advertising, LLC*, 2012 WL 2253243, *5 (S.D. Ala. June 15, 2012) ("Defendants did not contest plaintiff's assertion of its right to an award of reasonable

---

[1] In *Ray Haluch Gravel Co.*, the Supreme Court made clear that "[w]hether [a] claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." *Id.* at ___, 134 S.Ct. at 777. Based on this ruling, this Court arguably erred in failing to enter a final judgment on the merits of this action on July 31, 2014. Since, however, the defendants in this case have filed no responses to the various orders entered in this case, the withholding of final judgment in this case has done no harm to the defendants' appellate rights. In the future, however, this Court will enter a final judgment on the merits even where the moving party does not make a concurrent showing regarding its entitlement to attorneys' fees and costs.

and necessary attorneys' fees and expenses, nor did they contest the amount sought. The court finds that the amounts set forth in plaintiff's brief are reasonable and necessary and should be awarded.") *with id.* at *1 (attorneys' fees totaling $15,350.50) and *Wells Fargo Bank, N.A. v. Maclay Construction, Inc.*, 2011 WL 6668319, *4 (S.D. Ala. Dec. 20, 2011) (attorneys' fees totaling $22,152.72). Therefore, the total amount of attorneys' fees and costs/expenses due and owing plaintiff comes to $18,542.59.

Finally, plaintiff is due to be awarded post-judgment interest on the total award, that is, $717,550.71 ($673,405.94 + $25,602.18 + $18,542.59), at the statutory rate. In a diversity case, like the present one (*see* Doc. 1, ¶ 6 ("Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.")), "a district court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute[]" in awarding post-judgment interest. *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (citation omitted). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). The average 1-year constant maturity Treasury yield for the week ending August 22, 2014 was 0.11%. www.federalreserve.gov/releases/h15/current. Therefore, post-judgment interest shall accrue at the statutory rate of 0.11% from this date forward.

**DONE** and **ORDERED** this the 26th day of August, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**